# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, ) | |
| ) | |
| ) | Case No. 1:07CR00041 |
| v. ) | |
| ) | |
| ) | **OPINION** |
| **NICHOLAS EMORY STALLARD**, ) | |
| ) | By: James P. Jones |
| Defendant. ) | United States District Judge |
| ) | |

*Zachary T. Lee, Assistant United States Attorney, Abingdon, Virginia; Nicholas Emory Stallard, Pro Se Defendant.*

The defendant, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2010). Upon review of the record, I find that the government's Motion to Dismiss must be granted.

## I

A grand jury of this court returned a Superseding Indictment charging the movant, Nicholas Emory Stallard, and a co-defendant, Steven Bannister, with robbing a bank by force, violence, and intimidation on June 6, 2007, in violation of 18 U.S.C.A. §§ 2 and 2113(a) (West Supp. 2010) (Count One); knowingly receiving, possessing, concealing, and disposing of money stolen from a bank, in violation of

18 U.S.C.A. § 2213(c)  (West 2000) (Count Two); and conspiracy to rob a bank, in violation of 18 U.S.C.A. § 371 (West 2000) (Count Three).  On August 27, 2007, Stallard pleaded guilty to Counts One and Three without a written plea agreement, and I dismissed Count Two on the government's motion.

Stallard had previously been convicted of distributing cocaine by state courts in Carroll County, Virginia, and Grayson County, Virginia.  He also had a prior conviction by this court in 1999 for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2010).  Based on the two state drug convictions, the probation officer advised in the Presentence Investigation Report ("PSR") that Stallard qualified for sentencing under the Career Offender provision of the U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2007).  This section provided:

> A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense.

USSG § 4B1.1(a).  Application Note 3 to § 4B1.1 indicated that "[t]he provisions of § 4A1.2 . . . are applicable to the counting of convictions" in determining Career Offender status under § 4B1.1(a).

I conducted a sentencing hearing on January 4, 2008. Stallard objected to the PSR's finding that his convictions qualified him for Career Offender status. He argued that his state convictions were part of a course of continuing conduct and, as such, should be considered as related and be counted as one offense for purposes of the Career Offender analysis. Stallard pointed out that the two convictions were obtained in adjoining counties, within four days of each other, both involved the same drug (cocaine), and the sentences were concurrent to each other.

I noted on the record that I was required to calculate Stallard's sentence using the 2007 edition of the Guidelines Manual, because it was in effect at the time of the sentencing hearing.[1] Section 4A1.2(a) of the 2007 Guidelines Manual provided:

> Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence.

---

[1] *See* USSG § 1B1.11 (providing that generally, the court must use the Guidelines Manual in effect on the date of sentencing, but "[i]f the court determines that use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the ex post facto clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed").

USSG § 4A1.2(a) (2007). Under this provision, I found that Stallard's two cocaine distribution convictions should be counted separately, because they were not contained in the same charging instrument and the sentences were not imposed on the same day.

The 2006 edition of § 4A1.2(a) read a little differently:

Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of §4A1.1(a), (b), and (c).

USSG § 4A1.2(a) (2006). I noted at sentencing, however, that Stallard's prior convictions would also have been counted separately if I had applied the 2006 version of § 4A1.2(a):

I would not find that these convictions arise out of the same course of conduct. They are in different localities, and occurred on widely separate dates, although they do involve the same offense.

(Sent. Tr. 9, Jan. 4, 2008.)

Adopting the findings of the PSR, I determined that Stallard was a Career Offender and that the applicable sentencing range was 151 to 188 months imprisonment. I sentenced Stallard to serve 151 months on Count One and 120 months on Count Three, to run concurrently with the sentence on Count One. I also ordered him to pay $8,683 in restitution to the Grayson National Bank, jointly and severally with his co-defendant.

Stallard appealed, and the United States Court of Appeals for the Fourth Circuit affirmed. *United States v. Stallard*, 317 F. App'x 383 (4th Cir.), *cert. denied*, 130 S. Ct. 327 (2009). On appeal, Stallard argued that this court erred (a) by sentencing him as a Career Offender and (b) by applying the 2007 Guidelines Manual, in violation of the Ex Post Facto Clause.

The court of appeals held that "[b]ecause the district court correctly determined that Stallard would qualify as a career offender under either the 2006 or the 2007 Guidelines Manual, no ex post facto violation occurred." 317 F. App'x at 385. The court also held that my finding "that Stallard's prior offenses were not part of a common scheme or plan" was not error. *Id.* at 386; *see United States v. Breckenridge*, 93 F.3d 132 (4th Cir. 1996) (stating factors to consider in determining whether sentences should be counted separately under former version of § 4A1.2(a)).

In his present § 2255 motion, Stallard asserts the following grounds for relief:

1.  Trial counsel was ineffective for failing to argue that the court's application of the 2007 Guidelines Manual to sentence the defendant as a Career Offender violated the Ex Post Facto Clause;

2.  Trial counsel was ineffective for failing to object that the court's determination of his status as a Career Offender was improper because the underlying facts were not admitted by him or decided by a jury;

3.  Trial counsel was ineffective for failing "to investigate and object on the basis that the government could not prove that the Grayson

National Bank was not insured by the Federal Deposit Insurance Corporation (FDIC)";

4.      Trial and appellate counsel were ineffective for failing to argue on appeal that the defendant's sentence was substantively unreasonable; and

5.      Trial counsel was ineffective for failing to argue that the calculation of the defendant's prior criminal history in his prior federal conviction was binding on the court in his latest sentencing, pursuant to the doctrine of collateral estoppel.[2]


## II

To state a claim for relief under § 2255, a federal defendant must prove that one of the following occurred: (1) His sentence was "imposed in violation of the Constitution or laws of the United States"; (2) The "court was without jurisdiction to impose such sentence"; or (3) The "sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."   28 U.S.C.A. § 2255(a).  In a § 2255 motion, the defendant bears the burden of proving grounds for a collateral attack by a preponderance of the evidence.   *Miller v. United States*, 261 F.2d 546, 547 (4th Cir.1958) (per curiam).

---

[2]  Stallard raised this last claim in an amendment to his § 2255 motion, asking to incorporate the PSR from his 1999 federal criminal proceedings as an exhibit in this case. The court granted these requests, pursuant to Fed. R. Civ. P. 15(c), and the government filed a second Motion to Dismiss as to this claim, to which Stallard has responded.

To prove that counsel's representation was so defective as to require reversal of the conviction or sentence, a defendant must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, the defendant must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. The defendant must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689.

Second, to show prejudice, the defendant must demonstrate a "reasonable probability" that but for counsel's errors, the outcome would have been different. *Id.* at 694-95. If it is clear that the defendant has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697.

## A. Collateral Estoppel

As an initial matter, I must deny relief on Stallard's Claim 5, because the allegations in support of this claim are directly contradicted by the record. In his § 2255 motion, Stallard alleges that in his earlier federal conviction and sentencing,

> [he] was given a criminal history category of I with no applicable points. Although the [1999 §] 924(c) charge stemmed from the Grayson County conviction, and although [he] had also been convicted in Carroll

[C]ounty at the time, no points were awarded on either of those offenses
because they were deemed related – both to each other and to the federal
case.

(2255 Mot. 3.) Stallard argues that counsel was ineffective for failing to argue at

sentencing that the doctrine of collateral estoppel required me to treat the prior state

convictions as related, just as the court did in the earlier case. However, the record

in the prior case, *United States v. Stallard*, Case No. 1:99CR00035, does not reflect

that any such finding of relatedness was made.

In his previous federal case, Stallard was convicted of the § 924(c) offense,

relating to the drug crime for which he had been convicted in Grayson County. In

paragraphs 15-17 of the criminal history portion of Stallard's 1999 PSR, the

probation officer described the defendant's three prior adult convictions, as

summarized here:

November 18, 1998 conviction in Galax General District Court for
possession of marijuana, for which the defendant was sentenced to a
$250 fine and costs and had his Virginia operator's license suspended
for six months;

September 16, 1999 conviction in the Grayson County Circuit Court for
two counts of possession with intent to distribute cocaine and one count
of distribution of cocaine, based on offense conduct committed in
January 1999. The court sentenced Stallard to two years imprisonment
to run concurrently with the sentence in his federal case, eight years
probation, court costs, and $470 of restitution; and

September 20, 1999 conviction in the Carroll County Circuit Court for distribution of cocaine, based on offense conduct committed June 29, 1998. The court sentenced Stallard to two years imprisonment, to run concurrently with his Grayson County sentence and his federal sentence, to be followed by eight years probation, and court costs.

(Case No. 1:99CR00035, PSR ¶¶ 15-17.) The probation officer assigned one criminal history point for the possession of marijuana conviction described in Paragraph 15. As to the Grayson County conviction described in Paragraph 16, he stated: "[T]his offense includes relevant conduct in the instant federal offense, and therefore, no criminal history points are assigned." (*Id.* ¶ 16.) As to the Carroll County conviction described in Paragraph 17, however, he stated: "This offense does not constitute relevant conduct in the instant federal offense, and consequently, the sentence is assigned [3] criminal history points." (*Id.* ¶ 17.)

The PSR went on to find that, based on Stallard's four criminal history points, his Criminal History Category was III. The parties filed no objections to the 1999 PSR. The Statement of Reasons attached to the Judgment indicated that Stallard had been assigned a Criminal History Category of III.

This record disproves Stallard's assertion that no criminal history points were assigned to his prior state convictions during the 1999 federal sentencing proceedings or that I found the prior convictions to be related to each other. Accordingly, his collateral estoppel argument fails on the merits. In the present case, Stallard properly

received three criminal history points for each of the prior state drug convictions, because neither of them was relevant conduct to the bank robbery offense.

## B. Relatedness of Prior Convictions

In Claim 1, Stallard argues that although his prior state drug offenses occurred six months apart in different jurisdictions, counsel erred in failing to argue under *Breckenridge* that these convictions should have been considered related for purposes of sentencing. He argues that if counsel had presented such an argument to the court at sentencing, his prior convictions would have been found to be related, and he would not have qualified as a Career Offender.

The transcript reflects that counsel did not expressly raise an ex post facto argument or cite *Breckenridge* during sentencing. Nevertheless, I find that Stallard's claim is foreclosed by the Fourth Circuit's decision affirming his sentence.

Once an issue has been fully considered and decided by the court of appeals, a defendant cannot relitigate the issue before this court under § 2255. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976). Stallard's appellate brief provided a detailed description of the state drug offenses. To these facts, the Fourth Circuit expressly applied the factors set forth in the *Breckenridge* decision and in § 4A1.2(a) and ruled that this court did not err in finding that Stallard's prior offenses were not part of a common scheme or plan. 317 F. App'x

at 385-86.  Because Stallard's prior convictions were not related and qualified him

for Career Offender status under either the 2006 or the 2007 versions of § 4B1.2(a),

the court also ruled that no ex post facto violation occurred.  *Id.* at 385.  Because the

basis of Stallard's claim has already been decided against him on his direct appeal,

I will deny relief as to Claim 1.[3]

## B. LENGTH OF SENTENCE

In Claim 2, Stallard asserts that counsel should have argued that his sentence

was unreasonable because the separate nature of his prior convictions was not

admitted by the defendant or found by a jury, citing *United States v. Booker*, 543 U.S.

220 (2005) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  Such an argument has

no legal basis.  In  *Apprendi* itself, the Supreme Court specifically excepted prior

criminal history from the facts that must be submitted to a jury.  *Id.* at 490 (following

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998)).  A few years later, in the

*Booker* decision, the Court held that when sentencing guidelines are not mandatory,

facts related to sentencing factors may properly be decided by judges by a

---

[3] Stallard argues that the appellate opinion did not address in sufficient detail the
elements of an ex post facto claim or the application of the *Breckenridge* factors in
determining that Stallard's prior drug convictions were properly counted separately for
Career Offender purposes under either version of § 4B1.2(a).  However, under
*Boeckenhaupt*, 537 F.2d at 1183, this court cannot second-guess the Fourth Circuit's holding
on these issues.

preponderance of the evidence. *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005) (interpreting *Booker*). Since then, courts have expressly held that the judge may properly find, by a preponderance of the evidence, the necessary facts to determine whether a defendant's prior convictions qualify him for the Career Offender enhancement under § 4B1.1. *See, e.g., United States v. Schlifer*, 403 F.3d 849, 853 (7th Cir. 2005) (deciding whether prior convictions were related and "crimes of violence" for purposes of § 4B1.1) ; *United States v. Humphries*, 147 F. App'x 361, 362 (4th Cir. 2005) (unpublished) (deciding whether prior convictions were "crimes of violence" for purposes of § 4B1.1). In the face of such precedent, Stallard cannot show a reasonable probability that an objection challenging the Career Offender sentence as unreasonable under *Booker* would have resulted in a different sentence, and his claim fails under the prejudice prong of *Strickland*.

In Claim 2 and also in Claim 4, Stallard argues that his sentence of 151 months for aiding and abetting an unarmed bank robbery is simply unreasonable under 18 U.S.C.A. § 3553(a), given the nature of his offense conduct.[4] He asserts that absent

---

[4] The facts offered in support of Stallard's guilty plea indicated that on June 6, 2007, Stallard and his 18-year-old codefendant agreed to rob a bank, purchased a ski mask and other items used in the crime, and wrote a note demanding money. Stallard drove the defendants to a location near the bank and waited in the car, while the codefendant went into the bank and handed the note to the teller, stating several times that if he received money, nobody would get hurt. The teller gave the codefendant $13,802, he left the bank, Stallard pick him up in the car, and they drove away. (Plea Tr. 20-21, Aug. 27, 2007.)

Career Offender status, his Offense Level would have been 20, his Criminal History Category would have been III, and his sentencing range would have been 41-51 months imprisonment, which he considers a reasonable sentencing range for his crime. He complains that other defendants, convicted of armed bank robbery, received sentences less severe or similar to his sentence for unarmed bank robbery. He asserts that nothing in his history justifies the 151-month sentence he received for unarmed bank robbery.

Stallard's sentence was not unreasonable in length. The Fourth Circuit found on direct appeal that there were no errors in calculating Stallard's sentencing range under the Career Offender guideline. 317 F. App'x at 386. In determining the appropriate sentence within that range, I considered the factors set forth in 18 U.S.C.A. § 3553(a), as required (Sent. Tr. 16-17, July 1, 2008), and imposed a sentence at the bottom of the range and below the 20-year statutory maximum.

The facts show that Stallard's sentence was appropriate. At age 35, with three prior serious convictions, he helped an 18-year-old plan and carry out a bank robbery in utter disregard of the emotional distress that the offense conduct caused to the bank employees. The fact that Stallard's judgment may have been clouded by his drug addiction is not sufficiently mitigating to outweigh the serious nature of the offense. The disparity between Stallard's sentence and the 33-month sentence imposed on his

codefendant was justified by the differences in their ages, their education level, and their criminal histories.

In short, a lengthy sentence was warranted to protect the public from such lawless behavior by Stallard in the future, to emphasize the seriousness of his offense and its impact on others, and to allow him to obtain sufficient rehabilitative treatment to prepare him for a safe reentry into society when his sentence is served.

## C. FDIC INSURANCE

Stallard argues that counsel should have investigated whether the bank Stallard robbed was, in fact, insured by the FDIC so as to come under federal criminal jurisdiction. He offers no evidence whatsoever that the bank is not, in fact, so insured. Therefore, he fails to establish that counsel's representation was deficient or prejudicial under *Strickland* because she did not investigate this issue or raise an objection.

## III

For the stated reasons, I find that Stallard is not entitled to relief under § 2255 as to any of the claims he presents and accordingly I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

ENTER: November 12, 2010

/s/ JAMES P. JONES
United States District Judge